THE STATE OF NEW JERSEY, v. FLORENCE SPEZIALE, DEFENDANT.

Essex County Court
Law Division

Decided May 15, 1962.

*Mr. Thomas P. Ford, Jr.,* Assistant Prosecutor of Essex County, for the State of New Jersey (*Mr. Brendan T. Byrne,* Essex County Prosecutor, attorney).

*Mr. Michael A. Querques* for the defendant.

MASUCCI, J. C. C. This is a motion to suppress the introduction into evidence of certain property seized by police officers at and about the home of the defendant. The property seized consists of lottery paraphernalia and may be separated into two categories: that which was seized by the officers in the course of the search of the defendant's home, and that which was thrown into the backyard by an unidentified person and there retrieved by a police officer.

At the hearing evidence was adduced that a search warrant had been issued and the search conducted in execution thereof. However, the evidence further disclosed that the affidavit upon which the issuance of the warrant was based contained no facts but mere conclusions by the affiant. Accordingly, the court found the search warrant to be void as not having been issued on probable cause, *Jones v. United States,* 362 *U. S.* 257, 80 *S. Ct.* 725, 4 *L. Ed.* 2d 697 (1960), and ordered that the property seized within

the defendant's home be suppressed. Leave was granted the parties to file briefs on the issue of whether the property seized in the backyard was obtained by an unlawful search and seizure or whether it was a voluntary disclosure by the defendant.

The defendant cites *Hobson v. United States,* 226 *F.* 2d 890 (8 *Cir.* 1955), and the court finds the rationale therein controlling. In *Hobson* government officers acting without a search warrant sought admission to premises, and either shortly before or after breaking into the defendant's house a package of narcotics was thrown into the backyard where it was retrieved by an officer stationed there. The Circuit Court of Appeals held that the property seized in the yard should be suppressed on two grounds. First, the backyard is part of the curtilage of the home and therefore subject to the same protection as the dwelling itself. Secondly, the throwing of the package into the yard was caused by the unlawful action of the officers.

The same is true in the instant case. The package of lottery slips was seized on protected premises and the attempted entry for the purpose of search was an unlawful one, and cannot be separated from, but rather caused, the "throwing" incident.

■■ The fact that the police officers acted under color of a search warrant in the instant case does not materially distinguish it from the *Hobson* case. There as here, the unlawful action of the police officers was a search made without a prior valid determination of probable cause by a judicial officer. It is such a determination by an impartial judicial officer that is demanded by the Fourth Amendment to the *United States Constitution, Johnson v. United States,* 333 *U. S.* 10, 68 *S. Ct.* 367, 92 *L. Ed.* 436 (1948), except where the search is incidental to a lawful arrest, or in the case of exceptional circumstances. Here, neither exceptional circumstances nor a valid arrest was present.

The defendant's motion for suppression of the evidence so obtained is granted.